

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*LisaMarie Freitas*
*Special Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

DIRECT: 410-209-4890
MAIN: 410-209-4800
FAX: 410-962-0716
TTY/TDD: 410-962-4462

LisaMarie.Freitas@usdoj.gov

September 7, 2010

BY FACSIMILE AND FIRST CLASS MAIL

Mitchell Greenberg, Esquire
6 E. Biddle Street
Baltimore, Maryland 21201

    Re:   United States v. Brian Furches
           Criminal No. CCB 10-0085

Dear Mr. Greenberg:

    This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by ~~September 30, 2010~~, it will be deemed withdrawn. The terms of the agreement are as follows: October 11, 2010

### Offenses of Conviction

    1.    The Defendant agrees to waive Indictment and plead guilty to a two-count Information that will charge him with one count of Distribution of Child Pornography pursuant to 18 U.S.C. § 2252(a)(2) and § 2256 ~~and one count of Possession of Child Pornography pursuant to 18 U.S.C. § 2252(a)(4)(B) and § 2256.~~ The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

### Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

#### COUNT ONE

That on or about November 27, 2009, in the District of Maryland,

a. The Defendant knowingly distributed a visual depiction;

b. The Defendant used a means or facility of interstate or foreign commerce, specifically a computer; and

c. The Defendant knew the visual depictions involved the use of a minor engaged in sexually explicit conduct.

#### COUNT TWO

That on or about January 21, 2010, in the District of Maryland,

a. The Defendant knowingly possessed one (1) or more computer images and video files;

b. which contain visual depictions;

c. that have been mailed, or shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or which was produced using materials which have been mailed or shipped or transported; and

d. the producing of such visual depictions involves the use of a minor engaging in sexually explicit conduct and is of such conduct.

### Penalties

3. a. The maximum sentence provided by statute for the offense in Count One to which the Defendant is pleading guilty is as follows: 20 years imprisonment (including a mandatory minimum sentence of five years imprisonment), lifetime supervised release, and a $250,000 fine. ~~The maximum sentence provided by statute for the offense in Count Two to which the Defendant is pleading guilty is as follows: 10 years imprisonment, lifetime supervised release, and a $250,000 fine.~~ In addition, the Defendant must pay ~~$200~~ ($100 per count) as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be

2

paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

      b.     The defendant understands and agrees that as a consequence of his conviction for the crime or crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

      4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.     The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

      c.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).



BKF
10/7/10

d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.



BITF
10/7/10

## Advisory Sentencing Guidelines Apply

5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth at Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. Pursuant to § 2G2.2(a)(2) of the United States Sentencing Guidelines, the base offense level is 22.

   b. Pursuant to U.S.S.G. § 2G2.2(b)(2), the offense level is increased by 2 levels to a level 24 because the material involved multiple images of prepubescent minors who had not attained the age of 12 years.

   c. Pursuant to U.S.S.G. § 2G2.2(b)(3)(B), the offense level is increased by 5 levels to a level 29 because the defendant distributed images and videos in expectation of receipt of a thing of value, other images and videos, but not for pecuniary gain.

   d. Pursuant to U.S.S.G. § 2G2.2(b)(4), the offense level is increased by 4 levels to a level 33 because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

   e. Pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level is increased by 2 levels to a level 35 because the offense involved the use of a computer for the possession, distribution, and receipt of the material.

   f. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the offense level is increased by 5 levels to a level 40 because the offense involved 600 or more images of child pornography.

5



BKF
10/7/10

      g.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The parties agree that a three-level reduction for acceptance of responsibility would result in an adjusted offense level of 37.

      h.    ~~Pursuant to U.S.S.G. 3D1.2 (d), Courts One and Two are grouped together (as they involve substantially the same harm.~~

**The final offense level, therefore, is thirty-seven (37).**

      7.    This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, or adjustments set forth in Chapters 2, 3, 4, and 5 of the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence below the advisory guidelines range, he will provide notice at least ten (10) days in advance to the Court and this Office of the facts supporting that request and the factors under 18 U.S.C. § 3553(a) upon which he intends to rely.

<u>Obligations of the United States Attorney's Office</u>

      8.    At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence based on 18 U.S.C. § 3553.

      9.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

<u>Restitution</u>

      10.    The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259, the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and

prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **the high end of range for offense level 37 and the defendant's applicable criminal history category**, (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **the low end of range for offense level 37 and the defendant's applicable criminal history category**.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (I) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this

7



BKF
10/7/10

agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

13.  The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

8

<u>Entire Agreement</u>  *together with the sealed supplement*

14. This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: *[signature]*
LisaMarie Freitas
Special Assistant United States Attorney
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/7/2010
Date

*[signature]*
Brian Furches

I am Brian Furches' attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

10/11/2010
Date

*[signature]*
Mitchell Greenberg, Esquire

9

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Brian Furches, the defendant, age 37, is currently a resident of Baltimore, Maryland.

Prior to November 27, 2009, Brian Furches, through the Internet, sought and collected images depicting the sexual exploitation of minor children, as young as newborn and toddlers, through the use of a computer. Defendant Furches, while amassing a collection of pornography, to include adult and child pornography, in excess of two million images and videos, shared images and videos from his collection with others on the Internet. Defendant Furches shared those images and videos through a file share program where he discussed the exchange of images and videos.

On November 27, 2009, Defendant Furches provided an undercover law enforcement officer, who he believed to be an actual collector of child pornography, access to his file share program folders. These folders contained in excess of 900,000 image and/or video files available for others to download. The undercover officer downloaded 472 image files; 471 of which were images of child pornography. These files included an image titled "Babyjoy.jpg," which depicts an unclothed newborn with the umbilical cord bandage attached and an adult spreading the infant's genitalia's open for the photograph; an image titled "Baby~1.jpg," which depicts an adult male attempting to vaginally penetrate an infant female with his penis; and an image titled "Babyshi-helpless010.jpg," which depicts a nude female under the age of 5 years, with her legs spread and tied with restraints while an adult male penetrates her.

On January 22, 2010, during the execution of a federal search warrant at his residence, Defendant Furches advised agents that he had been downloading child pornography since 1995. He admitted that he loved children and has a sexual interest in children. Defendant Furches stated that he knows child pornography refers to images that depict children engaged in sexual activity and that approximately half his collection would fit the definition. He also advised he was aware of images on his computer of minors as young as infants. Defendant Furches admitted that he had been utilizing file share programs to trade child pornography since 2009. In reference to his child pornography collection, Defendant Furches advised agents that it would take over 10 years to review his collection of child pornography; on file share programs, and explained that he was revered by other collectors of child pornography as "a god" for his extensive child pornography collection. He understood file share programs were utilized to trade child pornography and facilitated the trade by providing a forum for individuals who knew the expectation was the transferring of files amongst their collections. In addition to utilizing file share programs to expand his personal collection, Defendant Furches traded images in order to gain recognition and status within the community of child pornographers.



BKF
10/7/10

Defendant Furches frequently has neighborhood children, with the permission of their parents, in his home to play video games and has taken videos of the children wrestling. These children range in age from six through fourteen years of age. Many of these children spend the majority of their summer at his home.

Following the interview with Defendant Furches, his computer was seized and forensically examined. The majority of images and videos identified on Defendant Furches' computer were not produced in the state of Maryland and were transmitted and trafficked across state lines through file share programs and therefore did affect interstate commerce. Further, numerous images and/or video files depict known images or identified children and therefore are real children, under the age of 18 and engaged in sexual acts.

_____
LisaMarie Freitas
Special Assistant United States Attorney
District of Maryland

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

10/7/2010
Date

_____
Brian Furches